Hamilton Ward, J.
This is a proceeding brought pursuant to section 73 of the Mental Hygiene Law by the Director of the Gowanda State Hospital for an order authorizing the retention of the above-named patient for a period not to exceed six months. The threshold question presented here is raised by the respondent’s claim that the proceeding should be dismissed as not timely commenced.
The facts are not in dispute. The respondent, 82 years of age and widowed, was last admitted to the Gowanda State Hospital on July 28, 1967, on a two-physicians certificate made pursuant to section 72 of the Mental Hygiene Law. On September 19, 1967, notice was. given to the respondent by the director of the hospital that an application would be made to this court for a six-month retention order. This notice, concededly, was served upon the patient and upon her attorney, who, on September 22, 1967, procured an order permitting him to examine the records of the hospital pertaining to his client. Two days later, counsel for the respondent, by written notice served on the director of the hospital, demanded a hearing upon the application for a retention order. On September 26, 1967, the formal application for the retention order, with supporting papers, was mailed from the hospital to the clerk of the Special Term of this court. The papers were received by the clerk the following day, September 27, 1967.
Subdivision 1 of section 73 of the Mental Hygiene Law provides in part as follows: “ If no application for a hearing shall have been made by a patient or by anyone on behalf of such patient within sixty days of the initial admission of such patient pursuant to this article, and if the director shall determine that the condition of. such patient requires his continued retention in a hospital, he shall, if such patient does not agree to remain in such hospital as a voluntary or informal patient, prior to the expiration of sixty days from the initial admission of such patient, apply to a court of record in the county where the hospital is located for an order authorizing continued reten *464 tion of such patient or for his transfer to an appropriate hospital and .continued retention. The director shall cause written notice of such application to be given the patient and a copy thereof shall be given personally or by mail to the persons required by section seventy-two of this article to be served with notice of such patient’s initial admission and to the mental health information service. ’ ’
The papers, constituting the application in this case, were mailed on the 60th day following the patient’s admission to the hospital; and were received by the court on the 61st day. This, argues the attorney for the respondent, vitiates the proceeding and, in effect, converts the patient’s detention into a false imprisonment.
I need not, and do not, reach the question which would be presented had the notice to the patient and/or the forwarding of the application papers to this court taken place after the 60th day following admission. The narrow question here presented is whether the director did, within the 60-day period, ‘ ‘ apply to a court of record * * * for an order authorizing continued retention” (Mental Hygiene Law, § 73, subd. 1).
The statute itself is silent as to what the director must do to “ apply to a court.” He might, of course, appear personally or by the Attorney-General to present the application and supporting papers, but that is not required. Nor is it required that the court order retention of the patient within the 60-day period, though it may order retention “ immediately ” (Mental Hygiene Law, § 73, subd. 1). Obviously, what the statute intends is that the director of a State hospital have a limited timé to examine and treat a patient who is admitted as a mentally ill person in order to determine whether the patient is in need of further treatment. Unlike the former procedure, the present .statute provides for judicial involvement at the end of the 60-day period if further retention is desired by the hospital director. The statute requires that notice of such an application be given to the patient, and allows five days from the giving of such notice during which the patient may demand a hearing on the application. If, therefore, application and notice were to be given on the 60th day, the court would be required to wait five additional days to permit the patient to request a hearing; and if such a request should be made, the hearing is to be held within five days of the day that the request is received by the court, unless the hearing is adjourned to a later time (Mental Hygiene Law, § 72, subd. -3). The statutory scheme, then, contemplates the possibility of considerable judicial procedures following the expiration of the initial 60-day period for treat *465 rnent and diagnosis. As a matter of fact, the assignment of counsel, the examination of the patient by independent psychiatrists and the conduct of the hearing often extend the time of disposition for weeks after the time when the application for release or retention is first made.
The cases cited by the respondent, dealing with former section 74 of the Mental Hygiene Law, do not seem pertinent here, for under that section the period of detention was initially fixed by statute, and usually by the terms of the order itself, at 60 days unless a specific act was accomplished within that period, i.e., the filing in the County Clerk’s office of a certificate made by the hospital director affirming the need for further care. The required act there was unambiguous and marked the end, rather than the beginning, of a judicial involvement, subject later, however, to review under former section 76 of the Mental Hygiene Law, as is also the case now under section 74, of the same title. The phrase used in former section 74 referring, to the required action, ‘1 file in the office of the county clerk, a certificate ’ ’, is immeasurably more precise than that which appears in present section 73, “ apply to a court of record ”.
The procedure authorized by section 73 of the Mental Hygiene Law falls within the definition of a “ civil judicial proceeding ” (CPLR 105, subd. [d]), and although the section uses the intransitive verb “apply” and the noun “ application ”, the procedure must be viewed as a “ special proceeding ’ ’ (CPLR 105, subd. [b]), although the relief requested is an “ order ” rather than a “ judgment ”. (See CPLR 411, 2211, 5011.)
A special proceeding is commenced by service of a notice of petition or an order to show cause (CPLR 304). In this case, I hold that the service of the notice by the director upon the respondent patient commenced the special proceeding and invoked the jurisdiction of this court over the person of the respondent. This is to say, that the critical element is the service of the notice of application upon the patient within the 60-day period, rather than the physical presentation of the petition to the court. It is service that evokes jurisdiction, not the filing of notes of issue, nor the delivery of the papers in the proceeding to a clerk of the court. It is enough here to hold that the receipt of the application and supporting papers on the 61st day is at most a procedural irregularity which did not, in this instance, prejudice any substantial right of the respondent and which may, therefore, be disregarded (CPLR 2001).
The application for a retention order having been timely made, the matter should be set down for a hearing unless the respondent otherwise elects.